IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FELTNER DEAN HUNT, | § | |
| TDCJ No. 2270849, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:24-cv-2157-X-BN |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Through counsel, Petitioner Feltner Dean Hunt filed an application for a writ of habeas corpus under 28 U.S.C. § 2254 collaterally attacking his 2019 conviction for sex abuse of a child continuous, victim under the age of 14, which resulted in a sentence of life imprisonment. *See* Dkt. No. 1; *State v. Hunt*, No. F18-75195-R (265th Jud. Dist. Ct., Dall. Cnty., Tex. July 7, 2019).

This criminal judgment was affirmed on direct appeal, and the Texas Court of Criminal Appeals ("CCA") refused Hunt's petition for discretionary review ("PDR"). *See Hunt v. State*, No. 05-19-00845-CR, 2020 WL 3248479 (Tex. App. – Dallas June 16, 2020, pet. ref'd); *Hunt v. State*, PD-0635-20 (Tex. Crim. App. Sept. 16, 2020).

And, although Hunt subsequently sought state habeas relief, those efforts did not statutorily toll the limitations period such that his Section 2254 application, filed by counsel on August 22, 2024, can be considered timely. Nor has Hunt established that this untimeliness should be excused because of actual innocence.

And, so, the undersigned enters these findings of fact, conclusions of law, and

recommendation that, under the circumstances here and for the reasons set out below, the Court should dismiss this federal habeas challenge with prejudice as time barred under Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rule 4").

## Legal Standards

Habeas Rule 4 allows a district court to summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*; *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.'" (citation omitted)).

While "the statute of limitations provision of the [Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] is an affirmative defense rather than jurisdictional," a district court may dismiss a time barred Section 2254 application *sua sponte* under Habeas Rule 4. *Kiser*, 163 F.3d at 329.

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (cleaned up; quoting *Day v. McDonough*, 547 U.S. 198, 210

(2006)).

Under the circumstances here, these findings, conclusions, and recommendation provide Hunt fair notice, and the ability to file objections to them (further explained below) allows Hunt an opportunity to respond to the findings and conclusions set out below. *See, e.g.*, *Ingram v. Dir., TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

AEDPA "introduced both 'simple logic' to the federal habeas landscape and uniform rules for federal courts to apply." *Wallace v. Mississippi*, 43 F.4th 482, 492 (5th Cir. 2022) (quoting *Smith v. Titus*, 141 S. Ct. 982, 987 (2021) (Sotomayor, J., dissenting from denial of cert.), then citing *Day*, 547 U.S. at 202 n.1).

"Namely, it implemented a host of greatly needed procedural requirements for petitioners seeking habeas relief." *Id.* (citing *Brown v. Davenport*, 596 U.S. 118, 134 (2022) ("In many ways, the statute represented a sea change in federal habeas law.")).

One such requirement is "the one-year period for an individual in custody pursuant to a state-court judgment to file a § 2254 petition for habeas relief" that "begins running from the latest of four events." *Id.* at 497 (citing 28 U.S.C. § 2244(d)):

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

"[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

"'The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019)

(quoting *Holland*, 560 U.S. at 653; footnote omitted).

But "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted).

So this "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.

A showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes

omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.'" (quoting *Schlup*, 513 U.S. at 324, 327)).

## Analysis

As set out in Hunt's federal habeas petition,

> [o]n August 14, 2020, Petitioner filed a petition for discretionary review with the Texas Court of Criminal Appeals, which was refused on September 16, 2020. *See* PD-0635-20. On August 23, 2023, the Texas Court of Criminal Appeals denied without written order Petitioner's 11.07 application for writ of habeas corpus on the findings of trial court without the hearing and on the Court's independent review of the record. *See* WR-92,659-02.
>
> Petitioner did not file a petition for writ of certiorari with the United States Supreme Court; thus, his judgment of sentence became final on August 23, 2023. *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994). Accordingly, Petitioner would have had until August 22, 2024, to timely file his instant petition.
>
> Furthermore, Petitioner has established his actual innocence as set forth in further detail below, which renders the timeliness of the instant Petition irrelevant. *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

Dkt. No. 1 at 18.

The undersigned cannot find that these conclusions are correct.

Starting with timeliness, the timeliness of most Section 2254 applications is determined under Subsection A, based on the date on which the judgment became final.

And a state criminal judgment becomes final under AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Because he did not file a petition for a writ of certiorari, the criminal judgment that Hunt now challenges became final on December 15, 2020, 90 days after the CCA refused his PDR. *See* SUP. CT. R. 13.1; *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) ("In *Caspari v. Bohlen*, the Supreme Court … held that convictions become final 'when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied.' In *Flanagan v. Johnson*, [154 F.3d 196, 197 (5th Cir. 1998),] we held that, based in part on *Caspari*, a state prisoner's conviction becomes final for purposes of § 2244 ninety days after the judgment is entered, when the time to file a petition for writ of certiorari with the Supreme Court has expired." (footnotes omitted)).

And, so, under Subsection A, Hunt had until December 15, 2021 to file a Section 2254 application.

And this deadline was not tolled under Section 2244(d)(2) based on the pendency of Hunt's first state habeas application, filed in March 2021 and dismissed by the CCA on May 19, 2021, because it failed to comply with Texas Rule of Appellate Procedure 73.1. *See Ex parte Hunt*, WR-92,659-01 (Tex. Crim. App.).

> The State of Texas prescribes the form to be used by applicants for state habeas relief and requires that the legal and factual grounds be identified on the 11.07 form. TEX. R. APP. P. 73.1. Texas courts enforce the requirement that an applicant specify the grounds for relief within the pages of the prescribed form, *e.g.*, *Ex parte Blacklock*, 191 S.W.3d 718, 719 (Tex. Crim. App. 2006), and such requirements have been upheld by the United States Supreme Court. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (holding that "ordinarily a state prisoner does not 'fairly

> present' a claim to a state court if that court must read
> beyond a petition or a brief (or a similar document) that
> does not alert it to the presence of a federal claim....").

*Rodriguez v. Thaler*, Civ. A. No. V-09-28, 2012 WL 3276713, at *6 (S.D. Tex. Aug. 8, 2012) (examining the failure to comply with Rule 73.1 in the context of procedural default).

> "Under Texas law, compliance with the requirements of Rule 73.1 is a prerequisite to consideration of the merits of an applicant's claims. Therefore, compliance with the requirements is a 'condition to filing' and not a 'condition to obtaining relief.'" *Broussard v. Thaler*, 414 F. App'x 686, 688 (5th Cir. 2011) (per curiam) (quoting *Artuz v. Bennett*, 531 U.S. 4, 10 (2000)). Even if the state trial court (or the convicting court) considers the merits of the state habeas petition, the CCA may still dismiss that petition under Rule 73.1 "for failing to follow the state's procedural filing requirements," as the CCA "makes the final decision whether the application complies with all filing requirements and whether to grant or deny the application." *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 11.07); *see also id.* at 688 n.1 (noting that the CCA's "use of the term 'dismiss' belies any notion that the court considered any of [the petitioner's] claims on the merits" (citations omitted)). And "[b]ecause compliance with procedural filing requirements is a matter of state law," a federal court should "defer to the CCA's determination that [a habeas applicant] failed to follow the filing requirements." *Id.* at 688.

> Because [Hunt's] initial state habeas petition was dismissed by the CCA for failing to comply with Rule 73.1, that application was not properly filed. Its pendency did not therefore toll the statute of limitations. *See id.* (concluding that a state habeas application dismissed under Rule 73.1 "was not 'properly filed' and did not toll the AEDPA statute of limitations"); *see also Jones v. Stephens*, No. 3:13-cv-336-L, 2013 WL 5325895, at *3 (N.D. Tex. Sept. 23, 2013) ("Because Petitioner's first state habeas application was dismissed for failing to comply with Texas Rule of Appellate Procedure 73.1, Petitioner is not entitled to statutory tolling for the period of time his first state writ was pending." (citing *Artuz*, 531 U.S. at 8 ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings"); *Villegas v. Johnson*, 184 F.3d 467, 470 & n.2 (5th Cir. 1999) (holding "that a 'properly filed application' for § 2244(d)(2) purposes is one that conforms with a state's applicable procedural filing requirements"))).

*Luster v. Davis*, No. 3:17-cv-2664-D-BN, 2018 WL 1136128, at *3 (N.D. Tex. Jan. 24, 2018), *rec. adopted*, 2018 WL 1083746 (N.D. Tex. Feb. 28, 2018).

Nor did the pendency of Hunt's second state habeas application "statutorily

toll the limitation clock" where it was not filed "within the one-year period" that commenced on December 15, 2020. *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)); *see also Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) ("Here, there is no dispute that Jones is not entitled to statutory tolling because he never 'properly filed' a state habeas application during the limitations period. Jones filed his first state habeas application on April 28, 2014, but the [CCA] dismissed it for noncompliance with [Rule] 73.1(d). A state application dismissed on those grounds is not properly filed. Jones did not succeed in 'properly filing' a state habeas application until much later, on December 4, 2015. By that time, however, the § 2244 limitations period had expired." (cleaned up)).

Next, while Hunt does not advance an equitable tolling argument, he does claim that "his actual innocence … renders the timeliness of the instant Petition irrelevant." Dkt. No. 1 at 18.

In support of that, Hunt includes a substantive claim (Claim 3 in the petition) "assert[ing] that he is entitled to a finding of actual innocence according to the United States Supreme Court decision in *Schlup v. Delo*, 513 U.S. 298 (1995)." Dkt. No. 1 at 26-27.

But, while Texas's courts may recognize a substantive claim of actual innocence, "in which the person asserts a 'bare claim of innocence' based solely on newly discovered evidence," *Ex parte Brown*, 204 S.W.3d 538, 544-45 (Tex. Crim. App. 2006) (quoting *Ex parte Tuley*, 109 S.W.3d 388, 390 (Tex. Crim. App. 2002)), such a

claim is not recognized as an independent ground for federal habeas relief, *see Perkins*, 569 U.S. at 392 ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." (citing *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993))); *see also, e.g.*, *House v. Bell*, 547 U.S. 518, 554-55 (2006); *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014); *cf. Schlup*, 513 U.S. at 314 (distinguishing "procedural" claims of innocence, which are based on a separate, underlying claim that a defendant was denied "the panoply of protections afforded to criminal defendants by the Constitution").

And, while it seems that Hunt argues that he is legally innocent based on constitutional violations that he claims require habeas relief – as opposed to asserting that he did not commit the crime and is therefore factually innocent – the Court should still consider whether Hunt makes a credible gateway claim of actual innocence that overcomes the statute of limitations.

> As a threshold matter, a credible gateway "claim [of actual innocence] requires [the] petitioner to support his allegations of constitutional error with new reliable evidence ... that was not presented at trial." *Schlup*, 513 U.S. at 324. "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Perkins*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329).

*Hancock v. Davis*, 906 F.3d 387, 389 (5th Cir. 2018).

"Examples of 'new reliable evidence' are 'exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.'" *Fratta v. Davis*, 889 F.3d 225, 232 (5th Cir. 2018) (quoting *Schlup*, 513 U.S. at 324). And, "as the Supreme Court has explained, 'impeachment evidence provides no basis for finding' actual

innocence because 'the evidence is a step removed from evidence pertaining to the crime itself.'" *Riley v. Dir., TDCJ-CID*, No. 3:18-cv-2439-S-BN, 2021 WL 4355379, at *5 (N.D. Tex. Sept. 24, 2021) (quoting *Calderon v. Thompson*, 523 U.S. 538, 563 (1998)); *see also Lucas v. Johnson*, 132 F.3d 1069, 1076 n.3 (5th Cir. 1998) (explaining that new evidence of actual innocence must be "material, not merely cumulative or impeaching" and thus capable of "produc[ing] acquittal at a new trial").

Here, Hunt fails to make this threshold showing. Put plainly, the "evidence" that he relies on is not new. Nor does it support a claim of factual innocence. Instead, Hunt argues that

> the jury's conviction was based upon the erroneous admission of L.L.2's testimony about extraneous offenses in violation of Petitioner's due process rights under the Fifth, Sixth and Fourteenth Amendments. Moreover, Petitioner pleaded not guilty at trial and has maintained his innocence. On this record, Petitioner's conviction should be set aside under *Schlup*.

Dkt. No. 1 at 27.

The Section 2254 petition should therefore be dismissed as time barred.

## Recommendation

The Court should dismiss Petitioner Feltner Dean Hunt's 28 U.S.C. § 2254 habeas application with prejudice as time barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 29, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE